ALLEN, Respondent, vs. GREEN BAY MANUFACTURING COMPANY, Appellant.

*September 19—October 8, 1912.*

*Master and servant: Injury from unguarded saw: Assumption of risk: Latent danger: Directing verdict.*

1. Plaintiff was injured by a small piece of wood thrown forward by an uncovered circular rip-saw which he was operating in defendant's factory. Upon evidence showing, among other things, that he was experienced in and familiar with the dangers of such work and must have known that pieces of wood were constantly accumulating on the saw table and, by a slight vibration of the table, were being caused to move towards the

back of the saw where its teeth came up through the table, it is *held* that defendant's negligence, if any, consisted in using the uncovered saw; that plaintiff had assumed the risk of injury therefrom; and hence that a verdict for defendant should have been directed.

2. The vibration of the saw table in such case, being obvious to ordinary attention, was not a latent danger against which defendant was bound to warn the plaintiff.

APPEAL from a judgment of the circuit court for Brown county: S. D. HASTINGS, Circuit Judge. *Reversed.*

Action for a personal injury. Plaintiff was injured, in the employ of defendant, working at a small circular saw. A piece of wood was caught on the up-spring of the saw teeth and thrown forward striking plaintiff in the eye. The saw was uncovered. The trial was on the theory of negligence in having the uncovered saw being the proximate cause of the injury, resulting in a verdict for plaintiff and assessing damages at $4,500. On motion, a new trial was ordered on the ground of assumption of risk; that the danger was as well known to plaintiff as to defendant. The second trial was in another jurisdiction and before another judge. The evidence was substantially as before but upon the theory of a latent danger, inherent in the machine, known or ought to have been known to defendant, and not known to plaintiff, and negligence in not informing him thereof. The claimed danger consisted of such trembling of the machine table as to cause small pieces of wood, which customarily dropped on the table during the progress of the work, to move forward toward the back of the saw and around so as to come into contact with the teeth. There was no defect in the machine or manner in which it was operated. The saw was on a small arbor and so the top was some four or five inches above the table. The work consisted in sawing, from long strips of wood, small pieces for chair braces. The pieces were about four inches long on one edge, two inches on the other, and one and a half inches thick. They were cut from long oak or elm strips. Because of the

way the blocks were cut, a rip-saw did the work somewhat better than a cross-cut, though both had been used. The shape of the saw teeth on the rip-saw was such that a piece of wood coming in contact with them at the back was liable to be thrown as in the particular instance. Such an occurrence would not be liable to happen with a cross-cut saw. The machine was supported on a solid head and not connected with the table, but that was caused to tremble by the motion of the machinery so as to cause such an accident as happened, under the circumstances. The trembling was not easily observable by sight, independently of its causing pieces of wood to move around thereon. It had not been supposed to involve any danger to the operator. One could appreciate the trembling by putting a hand on the table. Plaintiff claimed that he never did that but placed his hands only on the piece of wood he was feeding into the saw. In the operation pieces for use were removed to the left. Blocks or small pieces, treated as waste, would accumulate on the table and be pushed back by the moving up of the stock being sawn. In the course across the table they were liable to move along to the back of the saw. Plaintiff was thirty-six years of age. He had been employed in and about saw or planing mills for some twenty years. He had worked at machinery much of the time and was generally familiar with such machines as the one in question. He had worked in the particular mill over a year and on account of his experience was employed as subforeman. He had worked considerable attending rip-saws and knew their peculiar features. He knew how to file and set such a saw and the importance of having it armed with a hood or splitter to prevent its throwing sawdust or pieces of wood. He had explained that to the superintendent. The saws plaintiff had been accustomed to work at in other factories were furnished with appliances to prevent such dangerous movements of wood. He put the saw on, in the particular instance, and was permitted to use it or the cross-cut as he chose. He claimed he

did not notice the trembling of the table before the accident and had not been warned against it or any danger but that of getting his fingers into the saw.

The court after denying a motion on behalf of defendant for a directed verdict submitted the cause to the jury resulting in the following findings: The vibration of the table was the sole cause of the piece of wood coming in contact with the saw and being thrown in the direction of plaintiff, with the result complained of. He did not know that such vibration was sufficient to cause such an occurrence. Defendant, in the exercise of ordinary care, ought to have apprehended such danger. Defendant was guilty of negligence in failing to warn plaintiff thereof. Such negligence was the proximate cause of the accident. Plaintiff was not guilty of any want of ordinary care proximately contributing to produce the injury. He was damaged to the extent of $2,500. Judgment was rendered accordingly.

For the appellant there were briefs by *Williams & Stern*, of counsel, and *Kittell & Burke*, attorneys, and oral argument by *B. F. Williams*.

For the respondent there was a brief by *Minahan & Minahan*, and oral argument by *V. I. Minahan*.

MARSHALL, J.   Was there any sound basis in the evidence for submitting the cause to the jury on the theory that it was inferable that appellant failed to exercise ordinary care in not informing respondent of the slight trembling of the saw table, and that such fault was the proximate cause of the accident without any want of ordinary care on respondent's part proximately contributing thereto?   Much as we respect the judgment of the able circuit judge who presided at the trial, we confess that if such basis exist we cannot discover it.   We are constrained to hold that the trial judge grievously erred.

The case, as indicated in the statement, was once tried on the theory of negligence in using an uncovered saw.   That

seems to have been a very logical deduction from the facts. The court decided there was such negligence but that respondent was as much at fault as appellant and, manifestly, assumed the risk. The evidence on the second trial, evidently, did not vary much from that on the first. It only showed, at best in addition, there was a slight trembling of the table, not involving any defect in the machine or its setting or connections; but causing small pieces of wood to move around on the saw table,—trembling, so insignificant that respondent did not notice it and appellant did not consider it of sufficient importance to call the former's attention thereto.

The evidence shows that the saw arbor and connections rested on a solid foundation not attached to the saw table or the floor. Therefore, the trembling must have been communicated from the floor and, probably, was partly caused by the motion of the machinery, in general, of the factory. It does not seem possible such trembling could have existed without being observed by respondent, certainly as well as by appellant's vice-principal. If it caused pieces of wood to move around on the table or backward toward the point of the upspring of the saw teeth, it was right before respondent's eyes. He could not have avoided seeing it had he paid any reasonable attention to his surroundings, which by a very familiar rule, he was bound to do or to take the consequences of his negligence. The reason why he could not recover, on the first trial, was because he knew perfectly well the saw was unguarded and was liable to throw toward him any piece of wood which might come in the way of the teeth from the point where they come up through the table to where they turned down in front. Why, then, was there any question to submit to the jury involving mere means by which such interferences were liable to occur so long as the operation of such means was obvious to ordinary attention? It seems quite illogical to hold there was negligence and contributory negligence in the first situation and negligence and no contributory negligence

in the second.   Really, we cannot perceive why there was negligence at all in failing to inform respondent of that which was a mere incident of his situation and which, with the large experience he had, he must have known as well as appellant's agent.   The evidence shows, very plainly, that he was very familiar with the dangers of operating a circular saw without any guard thereon to prevent its throwing pieces of wood. Knowing that, as he did, and knowing as he must have, that ´ pieces of wood were constantly being accumulated on the saw table and caused to move backward by the slight trembling thereof and the additions in front, it seems quite clear that whatever negligence there was consisted in operating the uncovered saw and that respondent accepted that danger.   It follows that the cause should have been taken from the jury as requested by appellant's counsel.

*By the Court.*—The judgment is reversed, and the cause remanded with directions to dismiss the same with costs.